## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brenda G. Blevins,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-208**    (JCN: 2021009597)
(ICA No. 24-ICA-299)

**Princeton Community Hospital Association,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brenda G. Blevins appeals the January 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Blevins v. Princeton Cmty. Hosp. Ass'n,* No. 24-ICA-299, 2025 WL 328231 (W. Va. Ct. App. Jan. 29, 2025) (memorandum decision). Respondent Princeton Community Hospital Association filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the July 15, 2024, order of the Workers' Compensation Board of Review, which affirmed the claim administrator's order dated October 26, 2022, granting Ms. Blevins no additional permanent partial disability award in the claim.

On appeal, the claimant argues that the ICA was clearly wrong in affirming the Board of Review's decision finding that the claimant did not prove by a preponderance of the evidence that she sustained more than 0% whole-person impairment from the compensable injury. The Board of Review concluded that the report of Bruce A. Guberman, M.D., was not reliable because he did not list the specific medications or authorized treatment used to treat the compensable condition. The claimant argues that the Board of Review's reasoning was flawed because Dr. Guberman listed the medications and treatment, along with a statement that such treatment and diagnoses were related to the claimant's compensable post-COVID syndrome. The claimant asserts that Dr. Guberman described in detail that the claimant began having her current symptoms of severe shortness of breath, heart palpitations, sleep apnea, autoimmune syndrome, joint pain, and other symptoms following her COVID infection, which contributed to 3% whole-person impairment. As such, the claimant contends that she is entitled to a 3% permanent partial disability award based on the report of Dr. Guberman. The employer counters by arguing that there is no objective evidence that the claimant suffered any permanent impairment as a result of COVID or post-COVID syndrome. The employer states that the claimant was already taking pulmonary

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

1

medication before she ever contracted COVID, and Dr. Guberman failed to provide the name of any medications used to treat the compensable condition. Accordingly, the employer argues that the preponderance of the evidence in the record supports the 0% permanent partial disability award in the claim.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison